OPINION OF THE COURT
David J. Kaplan, J.
This is a summary holdover proceeding brought by petitioner Southeast Grand Street Guild HDFC, Inc. to recover possession of apartment 26C located at 460 Grand Street, New York, New York (subject premises) based on an allegation of fraud by respondent Nyree Holland and respondent occupant Wayne Hall. Respondents, through counsel, answered the petition by denying its allegations. This court held a trial on January 15, 2010, January 22, 2010 and January 29, 2010. At the close of petitioner’s case, respondents moved to dismiss. The court now dismisses the proceeding based upon petitioner’s failure to comply with the Rules and Regulations of the United States Department of Housing and Urban Development (HUD regulations).
The notice of termination, incorporated into the petition, indicates that the lease was being terminated for “non-curable” fraudulent behavior as prohibited by various HUD regulations and lease provisions. The notice further states that it was being served upon respondents pursuant to “terms of your lease and the Rules and Regulations of HUD.” While the allegations in the petition may give rise to various other causes of action, by opting to pursue the claims solely on allegations of fraud, petitioner was obligated to comply with applicable HUD regulations. Said regulations are found in the HUD Handbook (see Matter of Nelson v Roberts, 304 AD2d 20, 21 [1st Dept 2003] [“HUD Handbook sets forth the procedures for implementing the Section 8 program”]).
United States Department of Housing and Urban Development (HUD) Handbook 4350.3 REV-1, applicable here, defines fraud as “when a tenant knowingly provides inaccurate or incomplete information” (ch 8, 1Í 8-13 [A] [3]). The Handbook requires the owner to take care in not confusing “tenant error with fraud” (see ch 8, 11 8-13 [A] [3]-[5]; lilt 8-17, 8-18). The Handbook sets forth a mandated protocol for addressing errors and discrepancies before commencing judicial proceedings (see ch 8, 1111 8-17, 8-18). “If an owner suspects that a tenant has inaccurately supplied or misrepresented information that affects the tenant’s rent or eligibility, the owner must investigate *811 and document the tenant’s statements and any conflicting information the owner has received” (ch 8, If 8-17 [C] [1]). If the misrepresentation cannot be substantiated with documentation, the matter is treated as “an unintentional program violation” (ch 8, 11 8-17 [C] [2]). However, if the owner substantiates its claims with documentation, the owner “must” proceed as follows pursuant to chapter 8, 1f 8-17 (D) of the Handbook:
“[!.] the owner must notify the tenant in writing of the error and identify what information is believed to be incorrect.
“2. The tenant must have an opportunity, within 10 days, to meet with the owner and discuss the allegations.
“a. The owner must also inform the tenant that failure to do so may result in the tenant’s termination of tenancy.
“b. The meeting with the owner must be with a designated representative who has not been involved in any manner with the review of the allegedly false information.
“c. The owner must provide a written final decision, based solely on the facts presented and discussed at the meeting to the tenant within 10 days of the date of the meeting. The decision must also state the basis for the determination.”
The Handbook provides for three possible outcomes to the investigation: (1) the owner finds the tenant’s submissions correct and closes the investigation (see ch 8, If 8-17 [E] [1]); (2) the owner determines that the inaccurate information was an “unintentional program violation”; it must then correct the rent, give notice of such and take action to recover arrears if necessary (ch 8,1f 8-17 [E] [2]); and (3) “If the owner determines the tenant knowingly provided inaccurate or incomplete information, and this can be substantiated through documentation, the owner needs to pursue the incident as fraud ^following the guidance in paragraph 8-18[ ]**” (ch 8, 11 8-17 [E] [3]). Paragraph 8-18 of the Handbook further delineates the procedures for pursuing allegations of fraud. Paragraph 8-18 (A) reiterates that the owner can only make such a determination “after following the procedures in paragraph 8-17.”
Although the instant petition pleads compliance with federal regulations, no such evidence was presented at trial. Petitioner *812 called only one witness at trial, Assistant Site Manager Kirsten Tan. She testified that in June 2008, she became concerned about the accuracy of respondents’ annual income certification as their submissions showed respondent Holland working in North Carolina with her children enrolled in school there which led to commencement of this proceeding. Petitioner failed to introduce any evidence, documentary or testimonial, that it followed the HUD Handbook in investigating the matter before commencing the proceeding. Specifically, it was apparent from the testimony that petitioner failed to provide respondents with an opportunity to be heard on the matter as required by chapter 8, H 8-17 (D) (2) of the Handbook; notice of their right to meet with a representative who was not part of the investigation within 10 days as set forth in chapter 8,1f 8-17 (D) (2) (b) of the Handbook; or with even a written final decision as mandated by chapter 8, H 8-17 (D) (2) (c). The above requirements are conditions precedent to petitioner pursuing this proceeding under the theory of fraud (see HUD Handbook, ch 8,1I1Í 8-17, 8-18; see also HUD Handbook, ch 8,1i 8-1 [B] [“(O)wner(s) may only terminate tenancy in limited circumstances as prescribed by HUD regulations and the lease and must follow HUD and state/local procedures”]; HUD Handbook, ch 8, 1i 8-1 [C] [“Owners and tenants are advised that HUD termination policies and procedures must be followed when initiating a termination, including proper notices and documentation”]). Petitioner’s failure to comply with these prerequisites requires dismissal of the petition (see Kingsbridge Ct. Assoc. v Hamlette, NYLJ, Dec. 23, 2009, at 26, col 1 [Civ Ct, Bronx County]; Starrett City Inc. v Hamilton, NYLJ, Oct. 19, 1989, at 27, col 6 [Civ Ct, Kings County]).
Accordingly, the petition is dismissed.